Law Offices of William B. Hildebrand Esq.
By: William B. Hildebrand, Esq.
36 Tanner Street, Suite 110
Haddonfield, NJ 08033
Attorney for Plaintiff

| | |
|---|---|
| MATTHEW CALIO,<br><br>        Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS d/b/a CAMDEN COUNTY DEPARTMENT OF CORRECTIONS, XYZ CORP. 1-10 and individuals ABC 1-10 (all fictitious names and/or entities who should be identified through discovery), et al.,<br><br>        Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 1:19-cv-08393<br><br><br><br>**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, Matthew Calio, residing in Cherry Hill, Camden County, New Jersey, by way of Amended Complaint against Defendants says:

## NATURE OF THE ACTION

1. Plaintiff, Matthew Calio brings this action to redress injuries sustained as a result of Defendants' unlawful imposition of discipline and interference with his rights, in violation of the Family and Medical Leave Act, 29 U.S.C. Section 2601 et seq. ("the FMLA") and the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et seq. ("the NJFLA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. Section 2617. This court also has jurisdiction under the doctrine of supplemental jurisdiction with respect to the state claims set forth herein.

3. Defendants' unlawful employment practices were committed in the District of New Jersey; therefore venue is appropriate here.

## PARTIES

4. Plaintiff, Matthew Calio is an individual who resides in Cherry Hill, Camden County, New Jersey. At all times material hereto, Plaintiff was employed by Defendants as a Corrections Officer at the Camden County Correctional Facility ("CCCF").

5. Defendant, Camden County Board of Chosen Freeholders d/b/a Camden County Department of Corrections is the legal entity which owns, operates and manages the CCCF.

6. Defendant is an "employer" within the meaning of the FMLA and FLA. Defendant employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year.

## FACTS

7. Plaintiff has been employed as a Corrections Officer at CCCF for more than 15 years. Plaintiff's mother lives with Plaintiff. Since at least 2014, Plaintiff's mother has suffered from terminal Alzheimer's Disease/Dementia. As a result, Plaintiff needs to care for her and assist her in the performance of her daily activities.

8. Due to the severity of his mother's condition, Plaintiff is occasionally required

to take time off from work to care for her needs. However, Plaintiff's need to take time off from work is not always predictable or foreseeable; therefore, Plaintiff requested and Defendant granted him intermittent FMLA leave to care for his mother.

9. Consistent with its policies regarding FMLA leave, Defendant required Plaintiff to reapply and recertify his eligibility for this FMLA leave every six months.

10. On June 12, 2018, Defendant issued a Designation Notice in response to Plaintiff's reapplication for FMLA leave. This document notified Plaintiff that Defendant granted his request for FMLA leave from 6/11/2018 to 12/11/2018 on an intermittent basis. Because Plaintiff's need for leave was unpredictable and unforeseeable, the frequency and duration of the leave was listed as "Undetermined." A true and correct copy of the Designation Notice for this leave is attached, marked Exhibit "A".

11. In October, 2018, Plaintiff once again requested "indefinite" intermittent FMLA to care for his mother. In the application, Plaintiff explained that "my mother has terminal Alzheimers and cannot be left alone." Accordingly, his assistance was necessary for "dr appointments/watching/ caring/cooking."

12. On December 4, 2018, Defendant issued a Designation Notice, approving Plaintiff's request for intermittent FMLA leave from 12/12/2018 to 6/12/2019. However, Defendant limited Plaintiff's leave to "1 time per month" for a maximum duration of "5 days." A true and correct copy of this Designation Notice is attached, marked Exhibit "B".

13. Plaintiff took one (1) day of intermittent FMLA leave on two separate occasions in December. In addition, Plaintiff took one (1) day of intermittent FMLA leave on January 6, 2019 and one (1) day of intermittent FMLA leave on January 28, 2019. On each occasion, Plaintiff called in to notify his supervisor that the absences should be designated as part of his approved intermittent "FMLA" leave.

14. On February 1, 2019, Lieutenant Charyetta Hinson issued two (2) separate Supervisor's Staff Complaint Reports, recommending discipline against Plaintiff for violating the terms of his FMLA leave. Lieutenant Hinson recommended discipline for Plaintiff's taking FMLA leave on January 6, 2019, because this was his "second FMLA day during a 30-day period." She also recommended discipline for Plaintiff's taking FMLA leave on January 28, 2019, also his "second FMLA day during a 30 day period." True and correct copies of these Complaint Reports are attached, marked Exhibit "C".

15. On February 19, 2019, Defendant suspended Plaintiff for one day as a result of his taking intermittent FMLA leave on January 6, 2019, and three days for taking intermittent FMLA leave on January 28, 2019. The sole reason for this discipline was Plaintiff's use of a second day of intermittent FMLA leave within a 30 day period, not in conjunction with the first. True and correct copies of the Notices for this Disciplinary action are attached, marked Exhibit "D".

## FIRST COUNT

16. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-15 above, as fully as though the same were here set forth at

length.

17.  The FMLA protects individuals such as Plaintiff who are required to be absent from work for short periods because of a serious health condition affecting them or a member of their family.  The FMLA prohibits employers from disciplining, discharging, discriminating or otherwise penalizing employees who are absent from work under circumstances qualifying as FMLA leave.  Employers also may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."  29 U.S.C. Section 2615(a).

18.  FMLA leave may be taken intermittently when medically necessary. "Intermittent leave" is "leave taken in separate periods of time due to a single illness or injury, rather than for one continuous period of time, and may include leave of periods from an hour or more to several weeks."  29 C.F.R. Section 825.800.

19.  All FMLA leave is either foreseeable or unforeseeable.  When intermittent FMLA leave is unforeseeable, no advance written notice of the leave is required, and the employee must simply comply with the employer's usual and customary notice and procedural requirements for requesting leave.

20.  Under the FMLA, the employer is responsible for determining whether leave is FMLA-qualifying, and (if it is unable to do so) to request further information for this purpose.  All FMLA absences for the same qualifying reason is considered part of the same FMLA leave.

21.  Defendant knew that Plaintiff's need for intermittent leave to care for his

mother was unforeseeable and unpredictable. That's why Defendant listed the frequency and duration of his leave as "Undetermined" in its June 12, 2018 Designation Notice. However, Defendant interfered with and otherwise violated Plaintiff's rights under the FMLA when it limited Plaintiff's intermittent FMLA leave in December, 2018, to one (1) time per month for a maximum duration of five (5) days.

22. Defendant also interfered with and otherwise violated Plaintiff's rights under the FMLA when it disciplined him for taking intermittent FMLA leave on January 6 and January 28, 2019.

23. Section 107 of the FMLA, 29 U.S.C. Section 2617 permits an employee who has been disciplined on account of taking FMLA leave to file a civil action against his employer. In addition to other damages, the statute authorizes the Court to award liquidated damages, reasonable attorney's fees, expert witness fees and costs, and appropriate equitable relief to a successful Plaintiff.

24. As a direct and proximate cause of Defendant's actions, as described aforesaid, Plaintiff has suffered a loss of earnings and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant, Camden County Board of Chosen Freeholders, d/b/a Camden County Department of Corrections for:

A. Such sums as will adequately compensate him for the monetary damages he sustained as a result of Defendant's actions, including his loss of earnings;

B. Liquidated damages;

C. Interest, costs of suit and reasonable attorney's fees;

D. An order directing Defendant to rescind and expunge the aforesaid discipline from Plaintiff's record;

E. An injunction, barring Defendant from restricting his intermittent FMLA leave to care for his mother to a certain number of occurrences or maximum number of days per month; and

F. Such further relief as this Court deems just and proper.

## **SECOND COUNT**

25. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-24 above, as fully as though the same were here set forth at length.

26. The FMLA prohibits employers from discriminating or otherwise retaliating against an employee for exercising or attempting to exercise FMLA rights. To establish a valid claim for unlawful retaliation, an employee must allege that (1) he invoked his right to leave, (2) he suffered an adverse employment action, and (3) the adverse action was causally related to his invocation of rights. *Lichtenstein v. Univ. of Pgh. Med. Ctr.,* 691 F.3d 294, 301-02 (3d Cir. 2012).

27. By disciplining Plaintiff as a direct result of his taking intermittent FMLA leave to care for his mother, Defendant unlawfully retaliated against Plaintiff in violation of the FMLA, subjecting Defendant to liability for all damages proximately resulting therefrom.

WHEREFORE, Plaintiff demands judgment against Defendant, Camden County

Board of Chosen Freeholders, d/b/a Camden County Department of Corrections for:

A. Such sums as will adequately compensate him for the monetary damages he sustained as a result of Defendant's actions, including his loss of earnings;

B. Liquidated damages;

C. Interest, costs of suit and reasonable attorney's fees;

D. An order directing Defendant to rescind and expunge the aforesaid discipline from Plaintiff's record;

E. An injunction, barring Defendant from limiting his intermittent FMLA leave to care for his mother to a certain number of occurrences or maximum number of days per month; and

F. Such further relief as this Court deems just and proper.

## THIRD COUNT

28. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-27 above, as fully as though the same were here set forth at length.

29. Like the FMLA, New Jersey's Family Leave Act ("NJFLA") permits eligible employees to take intermittent leave to care for a parent with a serious health condition. The NJFLA likewise makes it unlawful to "interfere with, restrain or deny the exercise of, or the attempt to exercise the rights provided under [the NJFLA] or to withhold the benefits provided for under [the Act]. N.J.S.A. 34:11B-9a.  An employee who has been disciplined because he has exercised his rights under the FLA is entitled to damages for

pain, humiliation and emotional distress caused by the employer's actions, restoration of wages and benefits that the employee would have received but for the employer's actions, punitive damages, and reasonable attorney's fees.

30. Defendant disciplined Plaintiff as a direct result of his exercise of his right to take intermittent NJFLA leave in January, 2019. Defendant's actions interfered with, restrained, and otherwise deprived Plaintiff of his right to intermittent NJFLA leave. As a direct and proximate result of these actions, Plaintiff suffered a loss of wages, as well as pain, humiliation and emotional distress. In addition, Defendant's actions were willful and wanton, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant, Camden County Board of Chosen Freeholders, d/b/a Camden County Department of Corrections for:

A. Such sums as will adequately compensate him for the monetary damages he sustained, including his loss of earnings;

B. Such sums as will adequately compensate him for the pain, humiliation, emotional distress and other compensatory damages he sustained;

C. Punitive damages;

D. Interest, costs of suit and reasonable attorney's fees;

E. Rescission and expungement of the aforesaid discipline from Plaintiff's record;

F. An injunction, barring Defendant from limiting his intermittent NJFLA leave to care for his mother to a certain number of occurrences or maximum number of days

per month in the future; and

G.  Such further relief as this Court deems just and proper.

### FOURTH COUNT

31.  Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-30 above, as fully as though the same were here set forth at length.

32.  On March 7, 2019, Defendant issued Plaintiff a Memorandum requiring him to submit a Doctor's Note for *any* future sick time used.  The Memorandum does not make any distinction between sick time used for protected FMLA and/or NJFLA leave, and was issued because has been forced to take protected FMLA and NJFLA leave to care for his mother.  A true and correct copy of the Memorandum is attached, marked Exhibit "E".

33.  As previously noted, it is illegal and unlawful to interfere with or restrain Plaintiff's rights under the FMLA and NJFLA.  It is also unlawful for an employer to retaliate against an employee due to his exercise of his right to take intermittent FMLA/NJFLA leave.

34.  Requiring a doctor's note each time Plaintiff is absent on FMLA or NJFLA leave unlawfully interferes with and restrains Plaintiff's right to take FMLA leave on an intermittent basis.  Furthermore, the only reason Defendant is requiring these notes is on account of Plaintiff's taking protected FMLA/NJFLA leave in the past.  Therefore, by requiring a doctor's note for each and every use of sick time in the future, Defendant has

unlawfully retaliated against Plaintiff for exercising his FMLA/NJFLA rights, in violation of the protections afforded by those statutes.

WHEREFORE, Plaintiff demands judgment against Defendant, Camden County Board of Chosen Freeholders, d/b/a Camden County Department of Corrections for:

A.  Such sums as will adequately compensate him for the monetary damages he sustained, including his loss of earnings;

B.  Such sums as will adequately compensate him for the pain, humiliation, emotional distress and other compensatory damages he sustained;

C.  Punitive damages;

D.  Interest, costs of suit and reasonable attorney's fees;

E.  Rescission and expungement of the aforesaid Memorandum;

F.  An injunction, barring Defendant from requiring Plaintiff to submit a doctor's note for each and every use of sick leave in the future; and

G.  Such further relief as this Court deems just and proper.


Dated:                                    _____

                                          William B. Hildebrand, Esq.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated:                                    _____

                                          William B. Hildebrand, Esq.

# EXHIBIT A

## Designation Notice(Family and Medical Leave Act)



Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient.

**June 12, 2018**

**Matthew Calio**
**1103 Berlin Rd.**
**Cherry Hill, N.J. 08034**

**Via: Regular/Certified Mail #7016 2140 0000 0699 2072**

**FROM: Lt. Peter Celeste, Administrative Operations, CCDOC**

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on and decided: (See checked boxes below)

☒  Your **intermittent** leave request from **6.11.2018 to 12.11.2018** has been approved. All leave taken for this reason will be designated as New Jersey Federal Family Leave. The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:

**Frequency:  Undetermined**
**Duration: Undetermined**

☒  Pursuant to Federal and State Leave laws, "when an employee takes a leave for a purpose covered by both the Federal and New Jersey State Medical Leave, the leave simultaneously counts." To date you have **exhausted 0 hours of Family Leave**. The Federal Family Leave that you have been **granted** covers a total of **504 hours** respectively that will run concurrently as used intermittently during the time frame listed above.

**The Department will not retroactively designate time used as Family Leave and any time used will cause you to be subject to discipline.**

☐  Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**

☒   You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

☒ We are requiring you to substitute or use paid **SICK** leave during your FMLA leave.

☐ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position <u>is attached</u>.  The fitness-for-duty certification must address your ability to perform these functions.

☐   Additional information is needed to determine if your FMLA leave request can be approved:

☐   The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than **seven calendar days**, unless it is not practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied. (Specific information needed to make the certification complete and sufficient)

☐   We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

☐   Your FMLA Leave request is Not Approved.

☐   The FMLA does not apply to your leave request.

☐   You have exhausted your FMLA leave entitlement in the applicable 12-month period.

Intermittent Leave

**\*\*When calling in sick, you must notify the Department that you are using a "Family and Medical Leave" day.  Ensure that the supervisor taking the call designates "FMLA" on the call in sheet.**

Use of these days of leave will be counted towards your entitlement under the Federal Family and Medical Leave Act of 1993(FMLA).  Employees are entitled to 12 weeks of Family and Medical Leave in a 12 month period. When an employee takes "Intermittent Leave" under the Federal Family and Medical Leave Act of 1993, they are entitled to 60 days of Family and Medical Leave in any 12 month period. When an employee has used either 12 weeks and/or 60 days of Family and

2

Medical Leave they will have exhausted their entitlement. Any time used after FMLA is exhausted will be "sick" only and subjected discipline.

Employees must always follow the rules, regulations, policies and procedures of the Department. The Department does not discipline or discourage the employee for using Family and Medical Leave, however, employees who violate the rules of the Department (such as failing to provide medical documentation when requested, using sick time for unintended purpose, failing to call in sick within the allotted time allowed, et cetera) will cause an employee to be subject to discipline for breaking that rule or policy whether the time used is designated as Family and Medical Leave or not.

You will not need to present a complete physicians certificate which clears you to return to full duty without restrictions when returning from a sick day designated as "Family and Medical Leave" unless:

➢ You are required to by policy and procedure to produce a doctor's note; or
➢ Using a sick day either your last work day before or your first work day after approved time off; or
➢ Using a sick day either your last work day before or your first work day after or the day of a holiday.

If you fail to submit a fully completed "Family and Medical Leave Application" to the Warden by **11.11.2018**, any time used after **12.11.2018** will not be considered Family and Medical Leave.

By copy of this letter, I have notified your Supervisor, Staff Discipline, Personnel, and Payroll of the duration of your leave. Their respective records should reflect that those days are designated as (FMLA) leave for FMLA taken during the above dates.

The employer, Camden County Department of Corrections, will require the use of **sick time** for any days you are scheduled to work during this leave.

Insurance will be provided while you are on Family and Medical Leave consistent with Federal or State Regulations and your current contractual obligations.

Lt. Peter Celeste, Administrative Operations, CCDOC
Phone # 1.856.225.7616

CC:     Warden David S. Owens, Jr.
        Shift-Commander
        Staff Discipline
        Personnel
        Payroll

3

# EXHIBIT B

## Designation Notice(Family and Medical Leave Act)

 Intermittent Leave

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient.

**December 4, 2018**

**Matthew Calio**
**1103 Berlin Rd.**
**Cherry Hill, N.J. 08034**

**Via: Regular/Certified Mail #7017 0660 0001 1207 5243**

**FROM: Lt. Peter Celeste, Administrative Operations, CCDOC**

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on and decided: (See checked boxes below)

☒ Your **intermittent** leave request from **12.12.2018 to 6.12.2019** has been approved. All leave taken for this reason will be designated as New Jersey Federal Family Leave. The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:

**Frequency:  1 time per month**
~~Duration: 5 days~~

☒ Pursuant to Federal and State Leave laws, "when an employee takes a leave for a purpose covered by both the Federal and New Jersey State Medical Leave, the leave simultaneously counts." To date you have **exhausted 192 hours of Family Leave**. The Federal Family Leave that you have been **granted** covers a total of <u>312 hours</u> respectively that will run concurrently as used intermittently during the time frame listed above.

**The Department will not retroactively designate time used as Family Leave and any time used will cause you to be subject to discipline.**

☐ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

1

**Please be advised (check if applicable):**

☒   You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

☒ We are requiring you to substitute or use paid **SICK** leave during your FMLA leave.

☐ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position is attached. The fitness-for-duty certification must address your ability to perform these functions.

☐   Additional information is needed to determine if your FMLA leave request can be approved:

☐   The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than **seven calendar days**, unless it is not practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied. (Specific information needed to make the certification complete and sufficient)

☐   We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

☐   Your FMLA Leave request is Not Approved.

☐   The FMLA does not apply to your leave request.

☐   You have exhausted your FMLA leave entitlement in the applicable 12-month period.

███████████████

**\*\*When calling in sick, you must notify the Department that you are using a "Family and Medical Leave" day.  Ensure that the supervisor taking the call designates "FMLA" on the call in sheet.**

Use of these days of leave will be counted towards your entitlement under the Federal Family and Medical Leave Act of 1993(FMLA).  Employees are entitled to 12 weeks of Family and Medical Leave in a 12 month period. When an employee takes "Intermittent Leave" under the Federal Family and Medical Leave Act of 1993, they are entitled to 60 days of Family and Medical Leave in any 12 month period. When an employee has used either 12 weeks and/or 60 days of Family and

Medical Leave they will have exhausted their entitlement. Any time used after FMLA is exhausted
Case they will have exhausted Document 9   Filed 03/13/19   Page 19 of 27 PageID: 59
will be "sick" only and subjected discipline.

Employees must always follow the rules, regulations, policies and procedures of the Department. The Department does not discipline or discourage the employee for using Family and Medical Leave, however, employees who violate the rules of the Department (such as failing to provide medical documentation when requested, using sick time for unintended purpose, failing to call in sick within the allotted time allowed, et cetera) will cause an employee to be subject to discipline for breaking that rule or policy whether the time used is designated as Family and Medical Leave or not.

You will not need to present a complete physicians certificate which clears you to return to full duty without restrictions when returning from a sick day designated as "Family and Medical Leave" unless:

➢ You are required to by policy and procedure to produce a doctor's note; or
➢ Using a sick day either your last work day before or your first work day after approved time off; or
➢ Using a sick day either your last work day before or your first work day after or the day of a holiday.

If you fail to submit a fully completed "Family and Medical Leave Application" to the Warden by **05.12.2019,** any time used after **06.12.2019** will not be considered Family and Medical Leave.

By copy of this letter, I have notified your Supervisor, Staff Discipline, Personnel, and Payroll of the duration of your leave. Their respective records should reflect that those days are designated as (FMLA) leave for FMLA taken during the above dates.

The employer, Camden County Department of Corrections, will require the use of **sick time** for any days you are scheduled to work during this leave.

Insurance will be provided while you are on Family and Medical Leave consistent with Federal or State Regulations and your current contractual obligations.

_____
Lt. Peter Celeste, Administrative Operations, CCDOC
Phone # 1.856.225.7616

CC:      Warden David S. Owens, Jr.
         Shift-Commander
         Staff Discipline
         Personnel
         Payroll

3

# EXHIBIT C

| Report Number: | Disciplinary Case # | | Page 1 of |
|---|---|---|---|

# Camden County Department of Corrections
## Supervisor's Staff Complaint Report

Instructions: Fill out all applicable sections. If additional space is needed attach Supervisor's Complaint Attachment (A) # CCDOC 04186A

### Section #1 Specifications

I hereby Recommend charge's for the following named staff for violating Department Rules and Regulations as cited below:

| CALIO | MATTHEW | |
|---|---|---|
| Last Name | First Name: | Middle Initial |

| Rank/Title C/O | Badge Number | Time of Violation: 0645 | Date of Violations: JANUARY 6, 2019 |
|---|---|---|---|

Date Of Report: 01 FEBRUARY 2019 — Time of Report: 1430 — Case Closing Date:

Complainant: CHARYETTA HINSON — Rank & Badge # Lieutenant #27

Witnesses:

**Specifications:**

Records indicate that your approved intermittent Federal Family Leave covers you one (1) time a month with a duration of five(5) days. On January 6, 2019 you called out sick utilizing your second FMLA day during a 30 day period. This occurrence violated the terms of your FMLA.

I am recommending disciplinary charges against you.

I ☐ have received a copy of this report and will ☒ will not ☐ submit a rebuttal within 24 hours. **Employee Signature:** _____ Date: 1 Feb 19

Supervisor's Name (Print) Charyetta Hinson — Rank / Title Lieutenant — Badge # 27

Supervisor's Signature: _____ Date: 2/1/19 — Time: 1700

### Section #2 Disposition of Disciplinary Officer

| Charge | Rule Violated | Finding | Recommendation |
|---|---|---|---|
| #1 | | | |
| #2 | | | |
| #3 | | | |
| #4 | | | |

Reason for findings:

Disciplinary Officer's /Rank/Badge # (Print) — Date:

Signature Disciplinary Officer's: — Date:

### Section #3- Appeal to Warden

| Charge | Rule Violated | Sustained | Dismissed |
|---|---|---|---|

| Report Number: | Disciplinary Case # | | Page 1 of |
|---|---|---|---|

# Camden County Department of Corrections
## Supervisor's Staff Complaint Report

Instructions: Fill out all applicable sections. If additional space is needed attach Supervisor's Complaint Attachment (A) # CCDOC 04186A

### Section #1 Specifications

I hereby Recommend charge's for the following named staff for violating Department Rules and Regulations as cited below:

| CALIO | | MATTHEW | |
|---|---|---|---|
| Last Name | | First Name: | Middle Initial |

| Rank/Title C/O | Badge Number | Time of Violation: 0645 | Date of Violations: JANUARY 28, 2019 |
|---|---|---|---|
| Date Of Report: 01 FEBRUARY 2019 | | Time of Report: 1445 | Case Closing Date: |
| Complainant:  CHARYETTA HINSON | | | Rank & Badge #  Lieutenant #27 |

Witnesses:

### Specifications:

Records indicate that your approved intermittent Federal Family Leave covers  you one (1) time a month with a duration of five(5) days.  On January 28, 2019 you called out sick utilizing your second FMLA day during a 30 day period.  This occurrence violated the terms of your FMLA.

I am recommending disciplinary charges against you.

I Matthew Calio  have received a copy of this report and *will* [X] *will not* submit a rebuttal within 24 hours.  Employee Signature:  Date: 1 Feb 19

Supervisor's Name (Print): Charyetta Hinson

Supervisor's Signature:  Rank / Title Lieutenant  Badge # 27
Date: 2/1/19  Time: 1500

### Section #2 Disposition of Disciplinary Officer

| Charge | Rule Violated | Finding | Recommendation |
|---|---|---|---|
| #1 | | | |
| #2 | | | |
| #3 | | | |
| #4 | | | |

Reason for findings:

Disciplinary Officer's /Rank/Badge # (Print)  Date:

Signature Disciplinary Officer's:  Date:

### Section #3  Appeal to Warden

| Charge | Rule Violated | Sustained | Dismissed |
|---|---|---|---|

# EXHIBIT D

# CAMDEN COUNTY DEPARTMENT OF CORRECTIONS
## NOTICE OF MINOR DISCIPLINARY ACTION

| | |
|---|---|
| **JURISDICTION**<br>CAMDEN COUNTY | **DEPARTMENT**<br>DEPARTMENT OF CORRECTIONS |
| **DIVISION OR BUREAU**<br>CAMDEN COUNTY CORRECTIONAL FACILITY | **DATE**<br>19 February 2019 |
| **NAME OF EMPLOYEE**<br>Matthew Calio | **TITLE**<br>Correctional Officer |

**[X] SUSPENSION:** Number of Days 03

Dates of Suspension  Three Day Suspension:
To be determined

**[ ] FINE:** Amount _____   Number of Days and Dates _____

**[ ] DEMOTION:** Title _____   **[ ]** Number of Days and Dates _____

## CHARGES

N.J.A.C. 4A:2-2.3(a)(4) Chronic or Excessive Absenteeism or Lateness; N.J.A.C. 4A:2-2.3(a)(6) Conduct Unbecoming; N.J.A.C. 4A:2-2.3(a)(7) Neglect of Duty; N.J.A.C. 4A:2-2.3(a)(12) Other Sufficient Cause; C.C.C.F. Rules of Conduct: 1.1 Violation(s) In General; 1.2 Unbecoming Conduct; 1.3 Neglect of Duty; 2.1 Abuse of Sick Leave; ; General Order #007.

## SPECIFICATIONS

### CASE #108.19

On or about 28 January 2019, you called out sick for your tour of duty using your 2nd occurrence of FMLA during a 30 day period. Your approved intermittent FMLA dated states that your intermittent FMLA dated 12/12/2018 thru 06/12/2019 is to be used only 1 time a month for a 5 day duration. You exceeded your allotted FMLA days by using a 2nd day during the 30 day period, not in conjunction with the 1st. The Camden County Department of Corrections grants its employees a reasonable amount of sick leave to use as defined by statute and policy. The department considers coming to work on a consistent basis an essential function of the job. The department will also enforce strict procedures with regard to the use of sick leave and FMLA leave.

SIGNATURE _____   DATE  19 · FEB · 19
(Appointing Authority or Authorized Agent)

# CAMDEN COUNTY DEPARTMENT OF CORRECTIONS
## NOTICE OF MINOR DISCIPLINARY ACTION

| | |
|---|---|
| **JURISDICTION**<br>CAMDEN COUNTY | **DEPARTMENT**<br>DEPARTMENT OF CORRECTIONS |
| **DIVISION OR BUREAU**<br>CAMDEN COUNTY CORRECTIONAL FACILITY | **DATE**<br>19 February 2019 |
| **NAME OF EMPLOYEE**<br>Matthew Calio | **TITLE**<br>Correctional Officer |

**[X] SUSPENSION:** Number of Days 01

Dates of Suspension  One Day Suspension:

To be determined

**[ ] FINE:** Amount _____     Number of Days and Dates _____

**[ ] DEMOTION:** Title _____     [ ] Number of Days and Dates _____

## CHARGES

N.J.A.C. 4A:2-2.3(a)(4) Chronic or Excessive Absenteeism or Lateness; N.J.A.C. 4A:2-2.3(a)(6) Conduct Unbecoming; N.J.A.C. 4A:2-2.3(a)(7) Neglect of Duty; N.J.A.C. 4A:2-2.3(a)(12) Other Sufficient Cause; C.C.C.F. Rules of Conduct: 1.1 Violation(s) In General; 1.2 Unbecoming Conduct; 1.3 Neglect of Duty; 2.1 Abuse of Sick Leave; ; General Order #007.

## SPECIFICATIONS

### CASE #107.19

On or about 06 January 2019, you called out sick for your tour of duty using your 2nd occurrence of FMLA during a 30 day period. Your approved intermittent FMLA dated states that your intermittent FMLA dated 12/12/2018 thru 06/12/2019 is to be used only 1 time a month for a 5 day duration. You exceeded your allotted FMLA days by using a 2nd day during the 30 day period, not in conjunction with the 1st. The Camden County Department of Corrections grants its employees a reasonable amount of sick leave to use as defined by statute and policy. The department considers coming to work on a consistent basis an essential function of the job. The department will also enforce strict procedures with regard to the use of sick leave and FMLA leave.

SIGNATURE _____     DATE 19. FEB-19
(Appointing Authority or Authorized Agent)

# EXHIBIT E



**Camden County**
**Department of Corrections**

**Correctional Facility**
330 Federal Street,
Camden, NJ 08103

Phone: **856-225-7632**
Fax: **856-964-3207**

**Jonathan L. Young, Sr.**
Freeholder Liaison

Making It Better, Together.

www.camdencounty.com

**David S. Owens, Jr.**
Department Director

**Karen Taylor**
Warden

# Memorandum

|        |                                                          |
|--------|----------------------------------------------------------|
| **To:**   | C/O Matthew Calio                                     |
| **From:** | Peter Celeste, Lieutenant #13                         |
| **Date:** | 07 March 2019                                         |
| **RE:**   | REQUIREMENT FOR THE PRESENTATION OF *DOCTOR'S NOTE*   |

As per General Order 028, a Supervisor may require an employee to submit a Doctor's Note (stating the required information in the Doctor's Note section) if they have used their allotted 120 hours of sick leave or there is evidence that the employee was not sick or not in attendance of a family member who was sick.

General Order 028, define sick leave to mean, the absence of any employee from duty because of personal illness by reason of which such employee is unable to perform the usual duties of his position, or a short period of emergency attendance with an ill member of his/her family requiring the employees presence.

You are required to submit a Doctor's Note for any future sick time used.  The Doctor's Note must be submitted to your supervisor upon your first day returning from sick leave.  In the event that you fail to provide your supervisor with a Doctor's Note your sick leave for such period will be denied and you may be subject to disciplinary action.  If your attendance improves to (4) four days or less for 8-hour employee, (3) days or less for 12-hour employee, over the next six month's you will be notified in writing that a Doctor's Certificate will no longer be required.

_____        _____
**Human Resources**                      **Date**


_____        _____
**Officer Signature**                      **Date**


**Shift Commander**
**Personnel**
**File**

*Copy*